IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AVENTIS CROPSCIENCE, N.V., )
)
               Plaintiff, )
)
     v. )    1:00CV463
)
PIONEER HI-BRED )
INTERNATIONAL, INC., and )
DOW AGROSCIENCES, LLC, )
)
               Defendants. )

ORDER

BEATY, Chief District Judge.

     This matter is presently before the Court on a Motion to Reconsider, Alter and/or Amend [Doc. #421] filed by Plaintiff Bayer BioScience, N.V. ("Bayer") seeking reconsideration of the Court's June 8, 2010 Order. In the June 8, 2010 Memorandum Opinion and Order [Doc. #418, 419], this Court granted a Motion for Determination of Exceptional Case [Doc. #358] filed by Defendant Dow AgroSciences, LLC ("DAS") and awarded DAS reasonable attorneys' fees and costs in the amount of $4,898,028.75. In its Motion to Reconsider, Alter, and/or Amend, Bayer objects to the amount of reasonable attorneys' fees and costs awarded to DAS on several grounds, including the benchmark figures used by the Court and the Court's inclusion of certain fees and costs in its award. Bayer therefore asks the Court pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to reconsider, alter or amend its June 8, 2010 Order by making further unspecified reductions to the amount of attorneys' fees and costs awarded to DAS.

     With respect to motions to reconsider pursuant to Rule 59(e), it is within the sole discretion of the Court as to whether the granting of such a motion to reconsider is appropriate. Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). A Rule 59(e) motion is appropriate "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); cf. Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (internal citation omitted)).  With respect to a motion for relief pursuant to Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.  If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." Park Corp. v. Lexington Ins. Co., 812 F. 2d 894, 896 (4th Cir. 1987).  Rule 60(b) factors include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief" from the operation of the judgment. Fed. R. Civ. P. 60(b).  In its present Motion, Bayer maintains that the first Rule 60(b) factor, "(1) mistake, inadvertence, surprise, or excusable neglect," is implicated in the present case.

The Court has applied these standards with respect to Bayer's Motion pursuant to both Rule 59(e) and Rule 60(b), but the Court concludes that Bayer has not raised any new legal argument or evidence to demonstrate either a clear error of law for purposes of Rule 59(e) or a mistake for purposes of Rule 60(b).  Instead, Bayer attempts in its Motion to relitigate the issues and arguments

which were already considered and settled by this Court's June 8, 2010 Order. See Holtz v. Jefferson Smurfit Corp., No. 1:04cv827, 2006 WL 1117780, at *1 (M.D.N.C. April 24, 2006) (noting that a motion to reconsider "does not allow the losing party to repeat old arguments previously considered and rejected"). In particular, the Court already previously considered the reasonableness of the attorneys' fees and costs sought by DAS, which were incurred defending a patent infringement action based upon Bayer's[1] inequitable conduct. The Court, after hearing and deciding each of the arguments presently made by Bayer, previously concluded that DAS was entitled to a reasonable award of $4,898,028.75.

With respect to Bayer's objection to the benchmark figures used by the Court, the Court notes that the attorneys' fees awarded were calculated pursuant to the lodestar approach, which represents a reasonable hourly rate multiplied by a reasonable number of hours, and the propriety of which has been recently reemphasized by the Supreme Court. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010). The purpose of the lodestar calculation is to "make an initial estimate of the value of a lawyer's services" and "produce[] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, 106 S. Ct. 3088, 3097, 92 L. Ed. 2d 439 (1986); Perdue, 130 S. Ct. at 1672. In this regard, in determining the reasonable amount of recoverable fees and costs in the present case, particularly as to the reasonable hourly rates, the Court considered various factors,

---

[1] As noted in the Court's Memorandum Opinion supporting the June 8, 2010 Order, Bayer's predecessor, Aventis CropScience, N.V. initally brought the patent infringement suit against DAS, but as its successor in interest, Bayer stands in the place of the original Plaintiff for the purposes of these proceedings.

3

including the time and labor required, the novelty and difficulty of the questions presented, the level of skill required, the customary fee, the results obtained, the reputation and experience of the attorneys, the attorneys' relationship with the client, and awards in similar cases. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1999). As part of this determination, the Court referred to the statistics regarding national and regional attorneys' fees reported in the 2005 Reports of the American Intellectual Property Law Association ("AIPLA"), alongside these other factors for the purposes of determining a reasonable rate. In its Motion, Bayer again objects to the use of the 2005 Report rather than the 2003 Report, arguing that although the litigation in this case spanned several years, that the rates found in the 2003 Reports corresponded to a greater number of hours billed to DAS. However, as stated in the Court's previous Memorandum Opinion, these reports are issued biennially, and the Court determined the reasonable fee with reference to the figures listed in the 2005 Report, since that Report contained the relevant statistics for the time period following the release of the 2003 Report, when litigation in this case was still ongoing. Further, the Court notes that its prior Memorandum Opinion and Order did not simply adopt a figure from the AIPLA Reports as the reasonable customary hourly rate, but merely used the AIPLA figure as one comparative factor of many in determining the reasonable recoverable rate of attorneys' fees in this case.

Bayer further contends that the Court should not have awarded DAS for fees and costs, including "clerical, administrative, and secretarial-type work" and "outside services." However, the Court already considered the arguments presently made by Bayer with regard to the exclusion or reduction of certain fees, and as stated above, the lodestar calculation is an objective measure which produces an approximation of the reasonable fee a prevailing attorney would have received in a

4

comparable case. See Delaware Valley, 478 U.S. at 564, 106 S. Ct. at 3097. Finally, with respect to Bayer's contention that this Court shifted the burden of establishing the reasonableness of the recoverable fees to Bayer, the Court notes that at no point in the Court's previous Order and Memorandum Opinion did the Court shift the burden of establishing reasonableness from DAS to Bayer. As set out in the Memorandum Opinion accompanying the Court's June 8, 2010 Order, DAS bore the burden of establishing the reasonableness of the amount of fees sought, and the Court considered the evidence presented and concluded that after making the relevant adjustments, that DAS carried its burden and established that the requested fee was reasonable. Bayer has not presented the Court with any new arguments or evidence that would alter the Court's prior conclusion with regard to the reasonable amount of recoverable attorneys' fees and costs in this case.

Therefore, having reviewed Bayer's Motion, the Court concludes that Bayer has failed to satisfy either Rule 59(e) or Rule 60(b), and has failed to present any substantive basis for the reconsideration, alteration or amendment of the Court's June 8, 2010 Order. For this reason, Bayer's Motion to Reconsider, Alter and/or Amend [Doc. #421] will be denied.

IT IS THEREFORE ORDERED that Bayer's Motion to Reconsider, Alter and/or Amend [Doc. #421] the Court's June 8, 2010 Order is hereby DENIED.

This the 30th day of August, 2010.

_____
United States District Judge